CV 14          1318 KUNTZ, J.

REYES, M.J

SLR:LDM:KKO
F. # 2014V00246

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

            Plaintiff,

       -against-

ONE ANCIENT ROMAN MARBLE
SARCOPHAGUS LID WITH SCULPTURE
OF RECLINING WOMAN,

           Defendant in rem.

- - - - - - - - - - - - - - - X

VERIFIED COMPLAINT IN REM

Civil Docket No. _____

[stamp: U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK] [stamp: FEB 27 AM 9: 57] [stamp: FILED CLERK]

       Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH,

United States Attorney for the Eastern District of New York, Karin Orenstein, Assistant

United States Attorney, of counsel, for its verified complaint in rem, hereby alleges upon

information and belief as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action in rem to condemn and forfeit to the use and

benefit of the United States the above-captioned property pursuant to 19 U.S.C.

§ 1595a(c)(1)(A), as merchandise that was introduced or attempted to be introduced into the

United States contrary to law.

## DEFENDANT IN REM

2.      The Defendant in rem is an ancient marble sarcophagus lid bearing a relief sculpture of a sleeping woman   on a couch, or "kline."   Photographs of the Defendant in rem are attached as Exhibits A and B.

3.      The Defendant in rem was located in a storage facility in Long Island City, New York on or about February 20, 2014

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5.      Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. §§ 1355 and 1395, in that the Defendant in rem is presently located in Long Island City, New York, which lies within the Eastern District of New York.

## STATUTORY FRAMEWORK

Forfeiture Pursuant to Customs Laws

6.      Title 19, United States Code, Section 1595a(c)(1)(A) provides that "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law . . . shall be seized and forfeited if it . . . is stolen, smuggled, or clandestinely imported or introduced."   Id.

7.      Merchandise is introduced or attempted to be introduced "contrary to law" if the importation violates Title 18, United States Code, Section 2314.   This Section provides in pertinent part:

> Whoever transports, transmits, or transfers in interstate or foreign
> commerce any goods, wares, merchandise . . . of the value of

2

$5,000 or more, knowing the same to have been stolen, converted or taken by fraud;

violates the law.

8.      Cultural property is considered "stolen" under Title 19, United States Code, Section 1595a(c)(1)(A) and Title 18, United States Code, Section 2314, if it was taken without official authorization from a foreign country whose laws establish state ownership of cultural property.

9.      Italian Law number 364 of June 20, 1909 governs the possession, ownership and exportation of any "unmovable or movable items that have a historic, archaeological, paleontological or artistic interest." Id., Art. 1. Under this law, any such materials discovered pursuant to official government excavations belong to Italy. Id., Art. 15.

10.     Italian Law number 1089 of June 1, 1939 ("Protection of Items of Artistic and Historical Interest") applies to "moveable and immoveable property with artistic, historic, archeological or ethnographic value." Id., Art. 1. Under this law, any such materials discovered, whether during the course of an official government excavation, a licensed excavation by a third party, an authorized excavation on private property, or even accidentally, belong to Italy. Id., Arts. 43-49.

## FACTUAL BACKGROUND

11.     In May 2013, the Defendant in rem was exhibited by Phoenix Ancient Art, an antiquities dealer, at the Park Avenue Armory, located at 643 Park Avenue New York, New York. An image of the Defendant in rem prepared by Phoenix Ancient Art in connection with this exhibit is attached as Exhibit A. At the time, Phoenix Ancient Art estimated the value of the Defendant in rem to be approximately $4 million.

3

12.     On or about October 29, 2013, Phoenix Ancient Art shipped the Defendant in rem to Artex Fine Art Services, located at 33-02 48th Avenue, Long Island City, New York ("Artex").

13.     On or about February 20, 2014, HSI agents in New York observed and photographed the Defendant in rem in a storage crate at Artex. HSI presented its photographs of the Defendant in rem to the Italian Carabinieri, Italy's national police force. The Carabinieri is mandated by Italian law to oversee the protection of cultural heritage through the Comando Carabinieri Tutela Patrimonio Culturale (Carabinieri Protection of Cultural Heritage Command, hereinafter, "TPC"). The TPC identified the Defendant in rem as Italian cultural property that was acquired by Gianfranco Becchina in violation of Italian cultural patrimony law.

Convicted Antiquities Trafficker Gianfranco Becchina and His Archive

14.     The Caribinieri further provided the following information regarding Gianfranco Becchina:

a.     Becchina is an Italian citizen who owned and operated a gallery in Basel, Switzerland called Palladion-Antike Kunst ("Palladion"). In 2002, the TPC executed a search warrant at Palladion's gallery and warehouse in coordination with Swiss authorities. During the search, the TPC seized numerous Italian archaeological artifacts and commercial documents and photographs of thousands of artifacts previously sold by Becchina. The TPC determined that all of the seized artifacts originated from clandestine excavations in Italy and were smuggled abroad. Based on the documents and photographs seized from Palladion (hereinafter, the "Becchina archive"), the TPC determined that once Italian artifacts arrived in Switzerland, Becchina would sell them through auction houses or directly to

4

museums, collectors and dealers. A review of the Becchina archive indicated that Becchina had operated a large-scale illicit antiquities trafficking business for decades.

    b.  In 2005, at the completion of the Swiss investigation, the presiding Swiss magistrate transferred all evidence seized from Palladion, including artifacts and the Becchina archive, to the presiding Italian magistrate.

    c.  Further examination of the Becchina archive enabled the TPC to identify and recover only a small portion of the artifacts that Becchina had already sold. Some of these artifacts were found in the collections of well-known museums and were subsequently repatriated to Italy pursuant to agreements with the Italian Ministry of Cultural Heritage and Activities.

    d.  In February 2011, Becchina was convicted in Italy of illicitly dealing in antiquities, and Italian judicial authorities ordered the forfeiture of the artifacts seized from Palladion and the Becchina archive. While Becchina has appealed the sentence, the forfeiture was affirmed by the Rome Supreme Court on February 23, 2012.

    15.  The Becchina archive contains images of the Defendant in rem prior to its restoration and documents relating to the piece, including:

    a.  A German article about the Defendant in rem, described as a Roman kline statue of a sleeping woman, which included photographs matching the Defendant in rem, including one full-length photograph. See Exhibit B. The article appeared in a catalog that coincided with an exhibition at the Historical Museum of Bern from November 6, 1982 until February 6, 1983. In the photographs, the Defendant in rem appears to be in two pieces and other damage is visible.

5

b.       A copy of the full-length photograph of the Defendant in rem in Exhibit B was also found in a file labeled "Savoca."

c.       A receipt dated August 8, 1981 showing that Palladion purchased the Defendant in rem, described as a marble Roman sarcophagus in two pieces from Carlo Ciochetti in Rome.   Attached to the receipt was a Swiss customs form dated August 14, 1981 bearing the destination "Gianfranco Becchina, Palladion" in Basel, Switzerland.

d.       A receipt dated September 15, 1981 showing that Palladion sold the Defendant in rem, described as a marble kline sculpture of a girl, to George Ortiz. Attached to the receipt was a copy of the full-length photograph of the Defendant in rem in Exhibit B.

16.       Based on the above documents , the Defendant in rem was shipped from Italy to Switzerland in approximately 1981.   According to the TCP, the Defendant in rem is the property of Italy and was removed from Italy without the authorization of the Ministry of Cultural Heritage.

## CLAIM FOR RELIEF

17.       Plaintiff repeats the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.       The Defendant in rem is stolen property that was introduced or attempted to be introduced into the United States in violation of Title 18, United States Code, Section 2314.

19.       As a result of the foregoing, the Defendant in rem is liable to condemnation and to forfeiture to the United States, in accordance with Title 19, United States Code, Section 1595a(c)(1)(A).

6

WHEREFORE, plaintiff, United States of America, requests that a warrant of this Court be issued for the arrest of the Defendant in rem; that due notice of these proceedings be given to all interested persons; that the Defendant in rem be forfeited and condemned to the use of the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other relief and further relief as this Court deems just and proper.

Dated:     Brooklyn, New York
           February 27, 2014

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201

              By:     _____
                      Karin Orenstein
                      Assistant U.S. Attorney
                      (718) 254-6188

**Exhibit A**
Image of Defendant in rem as displayed by Phoenix Ancient Art in May 2013



**Exhibit B**
Photograph of Defendant <u>in rem</u> in German exhibition catalog



## VERIFICATION

DANIEL BRAZIER, hereby declares as follows:

1.     I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations.

2.     I have read the within verified complaint in rem and know the contents thereof.

3.     I believe the matters contained in the within verified complaint in rem are true and accurate to the best of my knowledge, information and belief.

4.     The source of my information and the grounds for my belief are personal knowledge and information provided by other law enforcement officers and the official files and records of the United States of America.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:     Brooklyn, New York
          February 26, 2014

                                        _____
                                        Daniel Brazier
                                        Special Agent
                                        U.S. Department of Homeland Security,
                                        Homeland Security Investigations